UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PESCHKE MAP TECHNOLOGIES LLC,

       Plaintiff,

v.                                                                    Case No:   2:15-cv-173-FtM-38MRM

MIROMAR DEVELOPMENT
CORPORATION,

       Defendant.

_____/

## ORDER[1]

    This matter comes before the Court on Defendant Miromar Development Corporation's Motion to Stay Proceedings Pending Outcome of Request for Reexamination of Plaintiff's Patent (Doc. #25) filed on August 18, 2015.  Plaintiff Peschke Map Technologies LLC filed a Response (Doc. #29) on September 3, 2015.  The Court allowed Miromar to file a Reply (Doc. #34) on September 21, 2015, and Peschke to file a Surreply (Doc. #37) on October 2, 2015.  The matter is ripe for review.

### Background

    This is an action alleging the infringement of United States Patent No. 6,397,143 ("'143 Patent" or "Patent"), entitled "Layout Based Method for Map Navigation."  The Patent describes "a method of presenting and navigating interactive maps by relying on physical location and layout information rather than text based tools," primarily related to

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

shopping malls.  '143 Patent col. 2 ll. 6-8.  Miromar is a Florida corporation that owns and operates a website for its outlet mall.  The website allows users to find information about a store, such as its name, phone number, and store hours, by clicking on the store within an interactive map.  By allowing users to locate this information in this manner, Peschke believes Miromar is infringing on the Patent and asserts a single claim for patent infringement.  Miromar now seeks to stay these proceedings pending the outcome of a request for an *ex parte* reexamination of Peschke's Patent that it filed with the United States Patent and Trademark Office ("USPTO") on August 12, 2015.[2]

## Discussion

An individual may petition the USPTO for reexamination of any claim of a patent if they believe prior art poses a substantial new question of patentability.  35 U.S.C. § 302. These reexamination proceedings "provide an important 'quality check'" on defective and erroneously granted patents.  *In re Swanson*, 540 F.3d 1368, 1375 (Fed. Cir. 2008).  If the USPTO determines a patent was defectively examined and therefore erroneously granted, the patent may be invalidated and removed.  *See In re Recreative Technologies Corp.*, 83 F.3d 1394, 1396 (Fed. Cir. 1996) (citation omitted).  It is within the Court's discretion whether to stay an action while these reexamination proceedings are ongoing. *See Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008) ("[D]istrict courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings.").

---

[2]  The USPTO has since granted Miromar's request, and will begin reexamining Peschke's Patent in the near future.  (Doc. #38).

Determining whether such a stay is appropriate requires a three-part inquiry. *See Alps S., LLC v. Ohio Willow Wood Co.,* No. 8:09-CV-386-T-EAK, 2011 WL 899627, at *2 (M.D. Fla. Mar. 15, 2011). The Court must first consider whether a stay would unduly prejudice or tactically disadvantage the opposing party. *Id.* Next, the Court must consider whether waiting for the results of the reexamination proceedings would simplify the issues and streamline the trial. *Id.* Finally, the Court must consider whether a stay would lessen the burden of litigation on itself and the parties. *Id.*

1. *Staying the Action Would Not Unduly Prejudice or Tactically Disadvantage Peschke*

Miromar avers a stay will not unduly or tactically disadvantage Peschke because (1) Peschke "did not seek a preliminary injunction to prevent irreparable harm during the pendency of this litigation"; (2) even if the USPTO concludes the Patent is still valid at the end of the reexamination proceeding, Peschke can pursue its claim for past royalties; and (3) the stay will save Peschke "significant litigation costs and expenses in this case." (Doc. #25 at 6-7). The Court agrees. Peschke's principal response to these arguments is that they are premature, as the USPTO has yet to grant reexamination of the Patent. (Doc. #29 at 5-9). That argument is now moot. (Doc. #38).

Peschke also argues (1) a stay will prejudicial multi-year delay as the reexamination proceedings are likely to last several years; (2) a stay will cause it to suffer "significant economic loss"; (3) a stay "will stale evidence"; and (4) a stay will deny it its chosen forum. (Doc. #29 at 9-12). But these arguments are unpersuasive. While the reexamination proceedings could potentially "last several years," there is no reason to believe Peschke's claim will be irreparably prejudiced during that time. Peschke argues staying the action would give Miromar a "royalty-free license for years to come," but fails

to articulate why it could not recover royalties for the time these proceedings were stayed, should a jury find Miromar infringed on the Patent.  Not to mention, the "significant economic loss" argument is based on a belief that the USPTO will affirm the validity of the Patent.  On the limited facts presented here, there is an equally likely chance the USPTO invalidates the Patent, preventing Peschke from recovering any damages from Miromar.

There is also no indication that Miromar plans to stop allowing users to access store information through the use of an interactive map on its website.  Any evidence related to the use of an interactive map on Miromar's website will therefore be fresh when the proceedings continue, should the USPTO find the Patent remains valid.  Finally, while Peschke may prefer that this Court determine the Patent's validity, this issue is unquestionably better suited for the USPTO, who has substantial expertise in this field.  See *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988) ("[A]n advantage of the reexamination process is that it allows the validity of a patent to be tested in the Patent office where the most expert opinions exist and at a much reduced cost.") (citation omitted).

Based on the foregoing, the Court finds this factor weighs in Miromar's favor.

*2.* Waiting for the Reexamination Proceedings Results Will Simplify the Issues and Streamline the Trial

Miromar avers a stay will simplify the issues and streamline any trial because the reexamination proceedings will (1) invalidate the Patent; (2) require Peschke to amend the Patent claims to narrow their scope and coverage; or (3) confirm the Patent's validity over the newly cited prior art.  (Doc. #25 at 8-9).  Peschke responds that the USPTO "may very well uphold" the Patent's validity and Miromar will likely present the same prior art

arguments (as presented in the reexamination proceedings) if that occurs.  (Doc. #29 at 13).  The Court agrees with Miromar.

While it is true the USPTO could "very well" affirm the Patent's validity, this would simply the issues and streamline the trial by mooting some, if not all, of Miromar's invalidity defenses.  Not to mention, it is equally likely that the Patent is invalidated or the Patent claims are narrowed.  These two results would drastically alter this action, as the former would result in the action being dismissed, while the latter would prevent Peschke from recovering damages for action taken before the amendment.  *See R+L Carriers, Inc. v. Qualcomm, Inc.*, No. 2014-1718, --- F.3d ----, 2015 WL 5449566, at *3 (Fed. Cir. Sept. 17, 2015) ("If . . . a substantive change has been made to the original claims during reexamination, the patentee is entitled to infringement damages only for the time period following issuance of the reexamination certificate.").  Therefore, no matter the results of the reexamination proceedings, this action will have its issues narrowed and its trial streamlined in some form.

Based on the foregoing, the Court finds this factor weighs in Miromar's favor.

*3*.  A Stay Would Lessen the Burden of Litigation on the Court and the Parties

Miromar contends a stay would lessen the burden of litigation on the Court and the parties, as no case management scheduling order has been issued yet and initial written discovery was only recently served.  (Doc. #25 at 9-10).    Peschke responds that the case has been active for six months with a mediation deadline fast approaching.  (Doc. #14-15).  The Court agrees with Miromar.  Although the parties recently began to exchange discovery and the mediation deadline is quickly approaching, a stay will lessen the burden of this litigation on both the parties and the Court.  If the Court proceeded with

this action, there is a chance that inconsistent rulings as to the Patent's validity could arise. But more importantly, "[a] stay will . . . preserve judicial resources and the cost of litigation to the parties by allowing the [USPTO] to full address potential claim limitations." *Alps South, LLC*, 2011 WL 899627, at *2.

Based on the foregoing, the Court finds a stay pending the results of the USPTO reexamination proceedings is appropriate.

Accordingly, it is now

**ORDERED:**

1. Defendant Miromar Development Corporation's Motion to Stay Proceedings Pending Outcome of Request for Reexamination of Plaintiff's Patent (Doc. #25) is **GRANTED**.

2. This action is stayed pending the results of the United States Patent and Trademark Office's reexamination proceedings related to United States Patent No. 6,397,143.

3. The parties shall provide the Court with status updates every ninety (90) days until otherwise ordered.

4. The Clerk is directed to place a stay flag on this action and terminate any pending deadlines or motions.

**DONE** and **ORDERED** in Fort Myers, Florida, this 19th day of October, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record