UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PESCHKE MAP TECHNOLOGIES LLC,

      Plaintiff,

v.                                Case No:   2:15-cv-173-FtM-38MRM

MIROMAR DEVELOPMENT
CORPORATION,

      Defendant.

_____/

## ORDER[1]

      This matter comes before the Court on Defendant Miromar Development Corporation's Motion for Judgment on the Pleadings (Doc. #44) filed on March 15, 2016. Plaintiff Peschke Map Technologies LLC filed a Response in Opposition (Doc. #46) on March 29, 2016.  Plaintiff Peschke Map Technologies LLC also filed a Motion to Dismiss (Doc. #45) on that same day, to which Defendant Miromar Development Corporation filed a Response in Opposition (Doc. #47) on April 11, 2016.  Both motions are ripe for review.

## Background

      This is an action alleging the infringement of United States Patent No. 6,397,143 ("'143 Patent" or "Patent"), entitled "Layout Based Method for Map Navigation."  The Patent describes "a method of presenting and navigating interactive maps by relying on physical location and layout information rather than text based tools," primarily related to

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

shopping malls.  '143 Patent col. 2 ll. 6-8.  Miromar is a Florida corporation that owns and operates a website for its outlet mall.  The website allows users to find information about a store, such as its name, phone number, and store hours, by clicking on the store within an interactive map.  By allowing users to locate this information in this manner, Peschke believes Miromar is infringing on the '143 Patent and asserts a single claim for patent infringement.  Miromar now asks the Court to enter judgment on the pleadings in its favor because the '143 Patent has been invalidated in separate litigation.

### Legal Standard

After the pleadings have closed, but early enough not to delay trial, a party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  As the Eleventh Circuit explained, "[j]udgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts."  *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010).  Courts must analyze motions for judgment on the pleadings using the same standards that govern a Rule 12(b)(6) motion to dismiss.  *See Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011), *aff'd*, 719 F.3d 1245 (11th Cir. 2013).  Consequently, "[w]hen considering such a motion, the Court must accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant."  *Id.* (citations omitted).

### Discussion

Last month, the Honorable Liam O'Grady, United States District Judge for the Eastern District of Virginia, invalidated the '143 Patent because it did "not pass the two

part test laid out by the Supreme Court in *Mayo*[2] and *Alice*[3]." *Peschke Map Techs. LLC v. Rouse Properties Inc.*, No. 1:15-cv-1365, --- F. Supp. 3d ----, 2016 WL 1031295, at *7 (E.D. Va. Mar. 8, 2016). This is problematic for Plaintiff. It is well known that a patentee is estopped from pursuing infringement claims for a patent that has been invalidated by another federal court, even if that action involved a different defendant. *See Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 333 (1971). Relying on this well-known doctrine, Defendant avers the Court should enter judgment on the pleadings in its favor because it cannot infringe on an invalid patent and Plaintiff is collaterally estopped from continuing to pursue its infringement claim. The Court agrees.

To establish collateral estoppel, the moving party must prove "(1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been a 'critical and necessary part' of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998). Each of these elements are met here. The issue at stake in this litigation, whether the '143 Patent is valid, is the exact issue Judge O'Grady analyzed in *Rouse*. *See* 2016 WL 1031295, at *4-7. That issue was not only actually litigated, but was also a critical and necessary part of the judgment dismissing the infringement claims in that action. *See id.* Plaintiff was the plaintiff in that action, and had a full and fair opportunity to litigate the issue there. *See id.* Clearly, collateral

---

2 *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012).
3 *Alice Corp. Pty. v. CLS Bank Int'l,* 134 S. Ct. 2347 (2014).

estoppel is applicable here.   Plaintiff is therefore estopped from proceeding with its infringement claim against Defendant.

Interestingly, Plaintiff does not address collateral estoppel in its Response.  Plaintiff instead argues, without any support, that this issue is moot because there is a pending motion to voluntarily dismiss the infringement claims.  The Court disagrees.  There are two categories of voluntary dismissals – those that need court approval and those that do not.  The former involves either a voluntary dismissal before the defendant files an answer or a motion for summary judgment, or a voluntary dismissal that the parties have signed and stipulated to.  Fed. R. Civ. P. 41(a)(1).  These types of dismissals are effective upon filing and require no further action by the Court.  *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012).  Any other attempt to voluntarily dismiss an action falls into the latter category and requires court approval, on terms that the court considers proper.  Fed. R. Civ. P. 41(a)(2).

The Court enjoys broad discretion in determining whether dismissal pursuant to Rule 41(a)(2) is appropriate. *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).  This discretion is not unfettered, however.  The Eleventh Circuit has explained, "[i]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Id.* (citation omitted).  The key question, then, is whether the defendant would "lose any substantial right by the dismissal." *Id.*  Turning to this action, the Court finds Defendant may suffer such a loss if Plaintiff's voluntary dismissal was granted over Defendant's objection.

A court may award reasonable attorney fees to the prevailing party of an "exceptional" patent case. *See* 35 U.S.C. § 285. A prevailing party is one that (1) "received at least some relief on the merits, and (2) that relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party." *SSL Servs. LLC v. Citrix Sys. Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014) (citations omitted). Whether a Rule 41(a)(2) dismissal, by itself, is enough for a defendant to qualify as the prevailing party remains unsettled. The Federal Circuit addressed this issue in *Highway Equip. Co. v. FECO, Ltd.*, ultimately finding a Rule 41(a)(2) dismissal rendered the defendant the prevailing party. 469 F.3d 1027, 1035 (Fed. Cir. 2006). But, in reaching this holding, the Federal Circuit explicitly pointed out that its decision was based not only on a Rule 41(a)(2) dismissal, but also an accompanying covenant not to sue. *See id.* Without a similar covenant accompanying the requested dismissal here, the Court believes dismissing this action pursuant to Rule 41(a)(2) might prohibit Defendant from achieving prevailing party status under 35 U.S.C. § 285.

Because a Rule 41(a)(2) dismissal might cause Defendant to lose a substantial right - its status as the prevailing party under 35 U.S.C. § 285 - the Court finds Plaintiff's Motion to Dismiss must be denied and Defendant's Motion for Judgment on the Pleadings must be granted. That said, based on the pleadings and *Rouse*, 2016 WL 1031295, which invalidated United States Patent No. 6,397,143 under 35 U.S.C. § 101, the Clerk is directed to enter judgment in favor of Defendant and against Plaintiff on Plaintiff's infringement claim.

Accordingly, it is now

**ORDERED:**

1.  Defendant Miromar Development Corporation's Motion for Judgment on the Pleadings (Doc. #44) is **GRANTED**.

2.  Plaintiff Peschke Map Technologies LLC's Motion to Dismiss (Doc. #45) is **DENIED**.

3.  Based on the pleadings and *Peschke Map Techs. LLC v. Rouse Properties Inc.*, No. 1:15-cv-1365, --- F. Supp. 3d ----, 2016 WL 1031295, *1 (E.D. Va. Mar. 8, 2016), which invalidated United States Patent No. 6,397,143 under 35 U.S.C. § 101, the Clerk is directed to enter judgment in favor of Defendant and against Plaintiff on Plaintiff's infringement claim; terminate all pending motions and deadlines; and close the file.

4.  Defendant Miromar Development Corporation may file the appropriate motion for fees and costs on or before May 5, 2016, if it wishes to do so.

**DONE** and **ORDERED** in Fort Myers, Florida, this 15th day of April, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record