**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | |
|---|---|
| **PESCHKE MAP TECHNOLOGIES LLC,** | |
| Plaintiff, | **CIVIL NO. 2:15-cv-173-FtM-38DNF** |
| **v.** | **JURY TRIAL DEMANDED** |
| **MIROMAR DEVELOPMENT CORPORATION,** | **INJUNCTIVE RELIEF REQUESTED** |
| Defendant. | |

**PESCHKE MAP TECHNOLOGIES LLC'S OBJECTIONS TO
DEFENDANT'S BILL OF COSTS**

Plaintiff, Peschke Map Technologies LLC ("PMT"), hereby objects to specific itemized costs contained in Defendant, Miromar Development Corporation's ("MDC") Itemization of Bill of Costs. MDC seeks costs which are not allowed under 28 U.S.C. § 1920, nor by existing case law, or are simply duplicative and unnecessary. Specifically, PMT objects to numerous charges for copies of papers already provided to MDC, copies of documents relating to the *Ex Parte* Reexamination, and the cost of filing the Reexamination itself. At most, MDC's taxable costs should be no greater than $113.85 in document and authorized costs, inclusive of items A-2 through A13; and A18 through A21.

**I.      COSTS ARE SPECIFICALLY LIMITED BY 28 U.S.C. § 1920.**

Federal Rule of Civil Procedure 54(d)(1) creates a presumption that a prevailing party is entitled to recover costs "[u]nless a federal statute, the rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). "However, such presumption is not

without limits, and courts may only tax costs as authorized by statute." *Responsible Me, Inc. v. Evenflo Co.,* No. 06-61736-Civ, 2009 U.S. Dist. LEXIS 125344, at *20 (S.D. Fla. Feb. 4, 2009) (*citing EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)).  A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42. 445 (1987) ("We hold that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U. S. C. § 1821 and § 1920").  The specific costs allowed are enumerated by 28 U.S.C. § 1920.

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)  Fees of the clerk and marshal;
> (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)  Fees and disbursements for printing and witnesses;
> (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5)  Docket fees under section 1923 of this title [28 USCS § 1923];
> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C.S. § 1920.  The enumerated list of § 1920 does not allow for recovery of costs for filings in other proceedings.  While a few courts have allowed *fees* under 35 U.S.C. § 285, no court has allowed an award of *costs* incurred for a proceeding before the USPTO. *Intellect Wireless, Inc. v. HTC Corp.*, No. 09 C 2945, 2015 U.S. Dist. LEXIS 2864, at *27 (N.D. Ill. Jan. 8, 2015) ("To the extent the present fee petition contains time for work

before the USPTO, such time should not be included in the fee award."); *Howes v. Med. Components, Inc.*, 761 F. Supp. 1193, 1198 (E.D. Pa. 1990) (awarding reexamination fees) *Deep Sky Software, Inc. v. Sw. Airlines Co.*, No. 10-cv-1234-CAB (KSC), 2015 U.S. Dist. LEXIS 178030, at *2 (S.D. Cal. Aug. 19, 2015) (awarding reexamination fees); *PPG Indus. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988) (holding reissue fees recoverable).

## II.     MDC'S REEXAMINATION COSTS ARE NOT RECOVERABLE.

Items B2 and A14-17 related to MDC's Request for *Ex Parte* Reexamination filed before the USPTO. Such costs are not recoverable and should be denied. First and foremost, neither § 1920 nor the case law MDC cites allow for the recovery of *costs* for filing with the USPTO.  The cases to which MDC cites allows for the recovery of *fees* for work done before the USPTO—in extremely limited circumstances—but do not support an award of costs for filings with the USPTO.  *See Deep Sky Software, Inc. v. Southwest Airlines Co.*, case No. 10-cv-1234-CAB (KC) (S.D. Cal. Aug. 19,2015) (awarding attorney fees incurred in the reexamination based on the "unique circumstances" which resulted in patent's invalidity); *IA Labs CA, LLC v. Nintendo Co.*, No. CIV. PJM 10-833, 2012 WL 1565296, at *4 (D. Md. May 1,2012), *affd*, 515 F. App'x 892 (Fed. Cir. 2013) (awarding *fees* for reexamination proceeding); *Howes v. Medical Components, Inc.*, 761 F. Supp. 1193 (E.D. Pa. 1990) (awarding fees for reexamination where reissue and reexaminations vital to scope of claim); *PPG Industries Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988) (awarding fees for reissue proceeding).

MDC's costs for filing the Reexamination proceeding are not recoverable for two separate reasons.   First, as explained above, such costs are not included in those enumerated by § 1920.   Second, the outcome of this litigation was not determined by the reexamination.   As MDC has already shown and PMT agreed, the Eastern District of Virginia found the asserted claims invalid under 35 U.S.C. § 101, which is completely unrelated to MDC's Request for *Ex Parte* Reexamination based on alleged prior art.   As a result of the Eastern District of Virginia's 35 U.S.C. § 101 decision, PMT canceled the asserted claims.   Neither the Eastern District of Virginia nor the USPTO, however, made any final determination on the validity of the claims based on any alleged prior art.   *See* Dkt No. 51, 7-8.   In fact, the Reexamination is *still* pending and there has been no final determination in the Reexamination on the validity of **any** of the claims of the Patent-in-Suit.   The *only* proceeding to have any bearing on the patentability of the Patent-in-Suit was from the above-mentioned, unrelated matter in the Eastern District of Virginia.   In fact, as this Court noted in its Order on MDC's Motion for Judgment on the Pleadings, "[t]he issue at stake in this litigation, whether the '143 Patent is valid, is the exact issue Judge O'Grady analyzed in Rouse."   Dkt. No. 48, 3.   Based on the *Rouse* decision, the Court dismissed this case.   As such, the Reexamination had no bearing on the outcome of the instant litigation and was certainly not "important . . . to this litigation."   *Howes*, 761 F. Supp. 1198.   This is therefore not the type of "unique circumstance" contemplated by *Deep Sky* and MDC's costs for filing the reexamination should be denied.   *See Deep Sky*, 2015 U.S. Dist. Lexis 178030 at * 6.

For the same reasons, charges associated with the Reexamination such as A-14,

A-15, A-16, and A-17 should not be taxed as costs. These costs were not incurred in this litigation, but for a proceeding before the USPTO, and are therefore not recoverable under § 1920. No court has held such costs are recoverable, and these documents had no bearing on the outcome of this litigation.

### III.   NUMEROUS UNRECOVERABLE, DUPLICATIVE AND UNNECESSARY COSTS ARE INCLUDED

MDC's itemized bill of costs contains multiple duplicative and unnecessary charges for documents which were either already provided to MDC by PMT, or were readily available online, including A-1 and B-1. These costs should therefore be denied. Copies obtained only for the convenience of counsel are not recoverable. *Desisto Coll., Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (*citing Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988)). Extra copies of filed papers, correspondence, and copies of cases are considered obtained only for the convenience of counsel. *Id.*

Several of the costs submitted by MDC are duplicative, unnecessary, or simply overblown. PMT objects to B-1 on the basis that MDC is claiming $82.50 for the services of a third party vendor in retrieving the file history of the Patent-in-Suit, which PMT provided to MDC as part of its initial disclosures. Furthermore, the file history is available online, free of charge, courtesy of the USPTO. Finally, MDC seeks $3.15 for a copy of the Complaint—item A-1—, a document which was delivered to them in hard copy by a process server.

### IV.   CONCLUSION

To the extent this Court awards any taxable costs to MDC, those costs should be

no greater than $113.85 in document and authorized costs, inclusive of items A-2 through

A13; and A18 through A21.

DATED June 2, 2016.

Respectfully submitted,

*/s/ Stevenson Moore*
Neal G. Massand, Texas Bar No. 24039038
*Admitted Pro Hac Vice*
Stevenson Moore V, Texas Bar No. 24076573
*Admitted Pro Hac Vice*
**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4604
Fax: (972) 314-0900
Email: nmassand@nilawfirm.com
Email: smoore@nilawfirm.com

*Trial Counsel for Plaintiff,*
*Peschke Map Technologies LLC*

Brian R. Gilchrist, FL Bar #774065
Ryan T. Santurri, FL Bar #15698
**ALLEN, DYER, DOPPELT**
**MILBRATH & GILCHRIST, P.A.**
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL  32802-3791
Telephone:      (407) 841-2330
Facsimile:      (407) 841-2343
Email: bgilchrist@addmg.com
Email: rsanturri@addmg.com

*Local Counsel for Plaintiff,*
*Peschke Map Technologies LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2016, the foregoing was submitted for filing to the Clerk of the District Court by using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

Richard S. Vermut
Florida Bar No.: 0086746
Driver, McAfee, Peek & Hawthorne, P.L.
One Independent Drive, Suite 1200
Jacksonville, Florida 32202
Direct: (904) 807-8207
Fax: (904) 301-1279
E-Mail: RVermut@dmphlaw.com

*/s/Ryan T. Santurri*
Ryan T. Santurri, FL Bar #15698