UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PESCHKE MAP TECHNOLOGIES LLC,

    Plaintiff,

v.                                              Case No:  2:15-cv-173-FtM-38MRM

MIROMAR DEVELOPMENT
CORPORATION,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on review of Defendant, Miromar Development Corporation's ("Miromar") Motion for Attorney's Fees (Doc. 51) filed on May 5, 2016.  After reviewing the Motion, United States Magistrate Judge Mac R. McCoy issued a Report and Recommendation finding that Miromar's Motion for Attorney's Fee's should be granted in part and denied in part.  (Doc. 69 at 25).  On January 19, 2017, Miromar filed its objections to the Report and Recommendation.  (Doc. 72).  Peschke then filed its Response in Opposition on February 10, 2017.  (Doc. 73).  This matter is now ripe for review.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**LEGAL STANDARD**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *see also Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations, 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

**DISCUSSION**

The Report and Recommendation opined that this case did not warrant the imposition of attorney's fees under governing precedent and statutes, but that $427.05 in costs should be taxed against Plaintiff, Peschke Map Technologies, LLC ("Peschke"). (Doc. 69 at 25). Miromar objects to the Report and Recommendation, arguing that an award of attorney's fees is justified because Peschke's litigation position was "exceptionally weak," and its litigation conduct was "exceptionally unreasonable." (Doc. 72 at 4, 5). In conjunction with this contention, Miromar disputes the Report and Recommendation's application of pertinent law. (Doc. 72 at 3).

A. **Litigation Posture and Conduct Under 35 U.S.C. § 285.**

Miromar principally objects by arguing that the Report and Recommendation erred in denying it an award of attorney's fees pursuant to 35 U.S.C § 285. The plain text of 35 U.S.C § 285 states that "in exceptional cases [the court] may award reasonable attorney

fees to the prevailing party." Notably, the interpretation of the exceptionality requirement has evolved over time. In 2005 the United States Court of Appeals for the Federal Circuit held that a case is exceptional under 35 U.S.C. § 285 only where (1) materially inappropriate conduct occurred; or (2) litigation was brought in subjective bad faith and was objectively baseless. *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (2005). The imposition of fees upon litigants under this standard was clear and convincing evidence. *Id.* at 1382.

In 2014, that standard was overruled by the Supreme Court in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). There, the meaning of exceptional was found to be "uncommon, rare, or not ordinary." O*ctane*, 134 S. Ct. at 1756. In this regard, the Supreme Court found that "a district court may award fees in the rare case where a party's unreasonable conduct – while not necessarily sanctionable – is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757. Moreover, an award of attorney's fees is appropriate where "the litigation is objectively baseless *and* … the plaintiff brought it in subjective bad faith." *Id.* Finally, the Supreme Court clarified that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.*

In practice, "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 1756. "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised . . . . " *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 114 S.Ct. 1023, 1033 (1994)) (internal citations omitted). This determination is made by a preponderance of the evidence standard. *Id.* at 1758.

Turning to the instant matter, Miromar argues that *Octane Fitness* "lower[ed] the bar with a reduced standard for determining whether a case is exceptional under 35 U.S.C. § 285," and that the Report and Recommendation improperly applied that standard by finding that this case did not meet the exceptionality threshold to warrant an award of attorney's fees. (Doc. 72 at 1-3).

Miromar first takes issue with Peschke's litigation position, arguing that Peschke had pre-suit knowledge that its patent was likely invalid, and thus that its infringement claims were likely meritless. As a result, Miromar contends that Peschke's litigation position was inordinately weak and therefore exceptional. (Doc. 72 at 4). Peschke presents a different story, averring that it had no pre-suit knowledge of invalidity and instead that at the time it filed suit, it had a strong litigation position. (Doc. 73 at 2, 4).

Parsing the arguments, although Peschke may have had some suggestion that its patent claims were unsupported, a final decision on the issue was not made until March 8, 2016, when the Eastern District of Virginia found that the patent was invalid. *See Peschke Map Techs. LLC v. Rouse Properties Inc.*, 168 F. Supp. 3d 881, 883 (E.D. Va. 2016). Notably, this was almost a year after Peschke filed its Complaint in this matter. (Doc. 1). The Court will not assume that Peschke had pre-suit notice of patent invalidity prior to an express ruling on the subject. Consequently, the Court does not find that Peschke's litigation position was unreasonable, objectively baseless or brought in subjective bad faith. As a result, it does not meet the exceptionality requirement necessary to merit an award of attorney's fees.

Next, Miromar argues that even if Peschke's litigation position was not exceptional, its litigation conduct nonetheless meets that threshold. In so doing, Miromar first targets

Peschke's opposition to its Motion to Stay Proceedings. That motion was based in Miromar's request to the USPTO for an ex parte reexamination of Peschke's patent and the perceived benefits of staying this action until a resolution of that matter could be had. Miromar argues that Peschke's litigation conduct was exceptionally unreasonable because Peschke misrepresented its ability to meet the USPTO's standard in opposing Miromar's Motion to Stay. Conversely, Peschke avers that its opposition to the Motion to Stay was in good faith because it believed that the imposition of a stay prior to the USPTO's decision to institute reexamination was premature, and because it did not believe that Miromar's request would be granted in the first place. Though the Court ultimately granted Miromar's Motion to Stay pending the outcome of the reexamination, it does not find that Peschke's opposition was exceptionally meritless, objectively baseless or undertaken in bad faith.

Additionally, Miromar argues that Peschke made numerous false representations to the Court, thereby satisfying the exceptionality threshold. Specifically, Miromar cites Peschke's argument that George Peschke is not an owner of Peschke, and contrasts it with the fact that he is listed as an owner on Peschke's Certificate of Interested Persons and Corporate Disclosure Statement. (Docs. 8 at 1, 56-3 at 1, 72 at 6). Moreover, Miromar argues that Peschke falsely "represented to the Court that prior art considered by the [US]PTO during the Inter Parties Proceeding and during the reexamination was cited and considered by the PTO during the . . . patent's initial grant." (Doc. 72 at 7). First, the disparity of documentation renders it unclear whether George Peschke is, in fact, an owner of Peschke, and thus it is unclear whether this statement is untruthful. That said, resolution of that issue is immaterial for purposes of the instant matter. Second, the

Court disagrees with Miromar's contention that Peschke was untruthful in its argument regarding the consideration of prior art, as U.S. Patent No. 5,948,040 is mentioned in the Petition for Inter Parties Review (Doc. 56-1 at 18) and No. 6,202,022 is mentioned in the Reexamination Request (Doc. 25-4 at 14). As such, the Court finds that Peschke's arguments were not exceptionally meritless, objectively baseless or brought in subjective bad faith.

Finally, Miromar also argues that Peschke's litigation conduct was exceptional because it made "hollow threats" that it would file a Rule 11 motion if Miromar filed a motion for leave to assert a counterclaim, and because it engaged in legal posturing regarding the continuation of this case subsequent to the Eastern District of Virginia's adjudication of the patent. (Doc. 72 at 7). Upon consideration, the Court finds that attorney's fees are not warranted here. Both Peschke's representations regarding its intent to take action against Miromar for filing a counterclaim and its attempt to negotiate a favorable end to this case amount to little more than litigation tactics. This is indicated by the fact that Peschke did not file a Rule 11 motion after Miromar asserted a counterclaim, and by the fact that Peschke ultimately moved to dismiss its own claims less than a month after the decision in the Eastern District of Virginia invalidated its patent. Had Peschke acted on its stated intention of filing a Rule 11 motion, perhaps this matter would be different. But it did not. Moreover, in both instances, Miromar called Peschke's bluff by acting in its own interests – first by filing a Motion for Leave to Amend its Answer and Assert a Counterclaim, then by filing its Amended Answer, Affirmative Defenses and Counterclaim and finally by moving for a Judgment on the Pleadings. (Docs. 35, 40, 44). In totality then, the Court does not find by a preponderance of the evidence that Peschke's

litigation representations meet the exceptionality threshold to warrant an award of attorney's fees.

**B.     Fees and Costs Under 28 U.S.C. § 1920.**

Miromar next contends that because of Peschke's perceived exceptional conduct, it is due $6,601.65 in costs and expenses.  (Doc. 72 at 8).  The statute that governs the award of fees and costs is 28 U.S.C. § 1920.  It states that:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)     Fees of the clerk and marshal;
>
> (2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)     Fees and disbursements for printing and witnesses;
>
> (4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)     Docket fees under section 1923 of this title;
>
> (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.*

The Report and Recommendation opined that Peschke should only be assessed taxable costs pursuant to 28 U.S.C. § 1920 in the amount of $427.05.  Though Miromar requests an award of $6,601.65, it does not substantively object to, or argue regarding, the Report and Recommendation's findings regarding costs.  Even if it had, the Court agrees with the Report and Recommendation's analysis and findings.  Consequently, the

Court accepts and adopts the Report and Recommendation and finds that while Miromar is not due attorney's fees, $427.05 may be assessed against Peschke in taxable costs.

Accordingly, it is now

**ORDERED:**

(1) The Report and Recommendation (Doc. 69) is **ACCEPTED** and **ADOPTED** and the findings are incorporated herein.

(2) Miromar's Motion for Attorney Fees (Doc. 51) is **GRANTED** in part and **DENIED** in part.

(3) The Clerk of Court is **DIRECTED** to tax $427.05 in costs against Plaintiff Peschke Map Technologies LLC.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record